UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA DESANDRE and
ROBERT DESANDRE,

    Plaintiffs,

v.

COUNTY OF OSCODA,
GARY COLE,
KEVIN GRACE,
KRISTI MCGREGOR, and
CASANDRA L MORSE-BILLS,

    Defendants.

Case No. 20-12209
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION [36]**

This case involves neighbors disputing their shared property line. Tina and Robert DeSandre believed that Brenda Oats had her shed on their side of the line. After repeat requests by the DeSandres, Oats finally removed her belongings from the shed. But when the DeSandres went to tear the shed down, Oats called the Oscoda County Sheriff's Office. Sherriff Kevin Grace and Deputy Gary Cole responded. According to the DeSandres, after they told Grace and Cole that they could tear down the shed because it was on their property, the two sheriffs allegedly said that they would take the matter to the prosecuting attorney to bring criminal charges against them. The Oscoda

County Prosecutor ultimately did charge the DeSandres, but a judge dismissed those charges for lack of probable cause. The DeSandres then filed this lawsuit against Grace and Cole, as well as Cassandra Morse-Bills and Kristi McGregor (the former and current Oscoda County Prosecutor, respectively), and Oscoda County.

This case is not new, and a while back, Defendants filed a Rule 12(c) motion seeking judgment on some of the DeSandres' claims. This Court granted that motion in part, dismissing McGregor from the suit without prejudice. In their complaint, the DeSandres had alleged that after officers Grace and Cole threatened to take the matter to the prosecutor, "Morse-Bills and McGregor engaged in investigating the matter and/or gave legal advice on the fact that Grace and Cole had probable cause for arrest." (ECF No. 3, PageID.29.) The Court explained, "This is imprecise pleading; it appears that at the time Grace and Cole talked with the Oscoda County Prosecutor, it was Morse-Bills who held the position; it was months later, when Morse-Bills became a judge, that McGregor took over as the Oscoda County Prosecutor." *Desandre v. Cty. of Oscoda*, No. 20-12209, 2021 WL 3828588, at *2 (E.D. Mich. Aug. 27, 2021) (quoting Prosecuting Attorney, Oscoda County, https://perma.cc/X6RG-NW9Z).

Because McGregor was not the prosecutor when Grace and Cole allegedly sought advice about the property-line dispute, the Court dismissed

McGregor. It explained in part, "In their reply brief, Defendants point out that McGregor did not become the Oscoda County Prosecutor until January 2019. (This is corroborated by the Oscoda County's official website. https://perma.cc/X6RG-NW9Z.) Yet, according to the DeSandres, Cole and Grace responded to Oats' call in August 2018, a warrant issued in September 2018, and they were arrested in October 2018." *Id.* at *3. Thus, the claims against McGregor were dismissed. "But," said the Court, "they will be dismissed without prejudice. Because Defendants waited until their reply brief to assert that McGregor did not become the Oscoda County Prosecutor until January 2019, the DeSandres had no ability to contest that assertion when responding to the motion to dismiss." 2021 WL 3828588, at *3. "And while the Court [was] doubtful that the assertion is contestable," the Court thought that "the DeSandres might be able to plead that McGregor somehow aided in their arrest or the filing of criminal charges before she became the Oscoda County Prosecutor in January 2019." *Id.* So the Court allowed the DeSandres to file an amended complaint to restate a claim against McGregor. Which they did on September 7, 2021. (ECF No. 35.)

But then, three days later, the DeSandres also filed this motion asking the Court to reconsider its dismissal of McGregor. (ECF No. 36.) Whether evaluated under the version of the local rule in effect when the DeSandres filed their motion for reconsideration (*see* ECF No. 36, PageID.292), or the revised

3

version in effect now, *see* E.D. Mich. L.R. 7.1(h), the Court will deny the DeSandres' request.

Although "[a]rguments raised for the first time in a reply brief are generally not properly before the court," *see Egyptian Eur. Pharm. Indus. v. Day*, No. 2:20-CV-13409, 2021 WL 4593956, at *11 (E.D. Mich. Oct. 6, 2021) (internal quotation marks omitted), the DeSandres concede that this Court had discretion to consider evidence presented for the first time in Defendants' reply brief (ECF No. 36, PageID.294). But, in their view, the Court abused that discretion. (*Id.*) They stress that this Court itself stated that they had no chance to respond to Defendants' claim that McGregor was not the Oscoda County Prosecutor until January 2019. And the DeSandres attempt to analogize this case to *Seay v. Tennessee Valley Authority*, where the Sixth Circuit found that the district court abused its discretion by granting summary judgment based on evidence presented for the first time in the defendant's reply brief. *See* 339 F.3d 454, 482 (6th Cir. 2003).

This case is not like *Seay* and this Court did not abuse its discretion. In *Seay*, after the plaintiff had filed its summary-judgment response brief, the corporate defendant attached to its reply brief a new declaration that included two never-before-produced exhibits. *See* 339 F.3d at 482. Not only that, the district court granted the defendant summary judgment three days after the reply brief was filed, which was "arguably too swiftly for Plaintiff to have

4

requested a surreply." *Id.* at n.9. The situation here is different in almost every material way. To start, the new evidence in Defendants' reply was not a declaration with exhibits—instead it was a single fact that was publicly available on Oscoda County's official website. Presumably then, the DeSandres could and should have learned of this fact before filing suit. Second, this Court did not rule days after Defendants filed their reply. So the DeSandres had plenty of opportunity to ask for a sur-reply. Third, the new evidence—that McGregor took over as the Oscoda County Prosecutor in January 2019—is not really contestable. Indeed, in their amended complaint, the DeSandres admit that fact. (ECF No. 35, PageID.268.) Taking all this together, it was entirely appropriate for this Court to consider when McGregor became the Oscoda County Prosecutor in deciding Defendants' Rule 12(c) motion.

In any event, there was no prejudice to the DeSandres from McGregor's dismissal. The Court dismissed McGregor without prejudice, permitting the DeSandres to file an amended complaint to reallege a claim against her. The DeSandres did so, and thus, McGregor is still a defendant.

The DeSandres argue that this Court's dismissal of McGregor "forced" them to file an amended complaint while discovery was ongoing. (ECF No. 36, PageID.281.) In their view, the dismissal of McGregor should have been held in abeyance until after discovery. (ECF No. 36, PageID.282, 296.)

5

But this position misunderstands the purpose of a Rule 12(c) motion. Rule 12(c) motions are decided under the same standards as Rule 12(b)(6) motions: both motions test the adequacy of the allegations in the plaintiff's complaint. *See Heinrich v. Waiting Angels Adoption Srvs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). The doors to discovery are unlocked only if the allegations are adequate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009). So it would defeat the purpose of the motion to wait until after discovery closed before deciding to dismiss McGregor.

* * *

In all, the Court will neither reverse its decision dismissing McGregor from the original complaint nor hold McGregor's dismissal in abeyance until after discovery is closed. (In fact, it is now closed.) Whether McGregor remains a defendant in this case instead depends on the resolution of Defendants' recently filed motion for summary judgment (ECF No. 53), which the Court will address in a future opinion.

SO ORDERED.

Dated: May 10, 2022

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE